FANNIE M. BUKER vs. JAMES GIBSON CARROLL and EMMA J. CARROLL, Defendants, and ANANIAS ENNIS, Terre Tenant.

1.  A deed takes effect from its delivery.

2.  In the absence of proof to the contrary, the law presumes that the date of the deed is the date of its delivery.

3.  The presumption may be rebutted, and the time of delivery proved.

*(February 24, 1899.)*

LORE, C. J., and PENNEWILL AND BOYCE, J. J., sitting.

*Martin B. Burris* for plaintiff.

*John H. Rodney* for *terre* tenant.

Superior Court, New Castle County, February Term, 1899.

*Scire facias* proceeding to revive judgment No. 281, to September Term, 1887, and to extend the lien thereof; the real issue being whether the judgment is a lien on the lands of Ananias Ennis, the *terre* tenant. Judgment was entered October 12, 1887.

Mr. Burris, for plaintiff, rested his case entirely on the record evidence.

Mr. Rodney, for the *terre* tenant, moved for a non suit on the ground that the plaintiff's own evidence showed that the deed was signed, sealed and delivered on August 26, 1887, and was recorded within three months thereafter.

BOYCE, J :—The judgment which is sought to be revived by this proceeding was entered on the 12th day of October, 1887. The question before us is whether the defendants in the judgment had conveyed their real estate to Ananias Ennis, the *terre* tenant, before the entry of the judgment.

The deed conveying these lands was dated the 26th day of August, 1887. It was acknowledged by the wife on the 10th day of September, 1887, and by the husband on the 31st day of October, 1887 ; and was duly recorded on the 7th day of November following. The record thereof has been admitted in evidence, and no further evidence as to the delivery of the deed has been offered.

A deed takes effect from its delivery. And in the absence of proof to the contrary, the law presumes that the date of a deed is the date of its delivery. The question of the delivery of the deed involved in this case is, therefore, from the nature of the evidence before us, one of presumption in law.

In *1 Devlin on Deeds, Sec. 265*, we find what we think is a proper summary of the law upon this subject. It is : "The general presumption is that a deed was delivered at the time it bears date. Where a deed bears date of a certain day and is acknowledged on a subsequent day, a difference of opinion prevails. In most states the rule is adhered to strictly, that the date of the deed is, *prima facie*, evidence of the time of its delivery, and this presumption is not allowed to be overcome by showing that it was acknowledged on a later day. Notwithstanding, that rule is not uniform in all the states, the weight of authority and the better opinion is to the effect that although a deed may be acknowledged on a day subsequent to its date, the date of the deed is nevertheless presumed to be the time at

which delivery was made. * * * Acknowledgment may have been made at a subsequent time, and as it may be impossible to tell from the lapse of time when delivery was actually effected, the most satisfactory presumption to adopt, is that the deed was delivered at its date, making this the time at which it will be presumed to be operative to pass the grantor's title." (And the cases cited in the note.) The presumption may be rebutted, and the time of delivery proved.

We think that the non suit should be granted, and so order.